UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHRISTOPHER BAKER,
Plaintiff,

v.

COMMONWEALTH OF MASSACHUSETTS, et al.,

Defendants.

CIVIL ACTION NOS.
25-13822-MPK

ORDER

October 13, 2026

KELLEY, U.S.M.J.

On April 27, 2026, the Court ordered that four cases filed by pro se litigant Christopher Baker, who is confined at the Suffolk County Jail, be consolidated into a single action. (Doc. No. 10). The actions were against police departments in three different Massachusetts cities (Haverhill, Woburn, and Somerville) and their employees, alleging that, because of their misconduct, he was wrongfully charged with credit card fraud. Baker claims that after spending over 9 months locked up for "mistaken identity," the charges were dismissed. The Court ordered Baker to file an amended complaint to consolidate his claims into a single pleading.

Since that time, Baker has filed an amended complaint (Doc. No. 10), two supplemental amended complaints (Doc. Nos. 11, 12), a final amended complaint (Doc. No. 16), and a declaration of additional claims (Doc. No. 25). Baker has also filed a motion for appointment of counsel (Doc. No.19) and other letters and requests.

As used in the context of a lawsuit, to "amend" a complaint means to completely replace the original complaint with a new pleading. In other words, a plaintiff must include in an

amended complaint all the factual allegations and legal claims he wishes to include in the operative complaint, even if that means repeating portions of earlier pleadings. See Newman v. Lehman Brothers Holdings, Inc., 901 F.3d 19, 27 n.8 (1st Cir. 2018) ("An amended complaint, once filed, normally supersedes the antecedent complaint. Thereafter, the earlier complaint is a dead letter and no longer performs any function in the case.") (quoting Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) (citations omitted))).

Thus, before summonses may issue, Baker must file a second amended complaint in which he asserts all the claims he wishes to assert in this action. The second amended complaint must meet the following requirements:

- The pleading shall be clearly designated as the "Second Amended Complaint." See Fed. R. Civ. P. 10(a).
- The title of the complaint shall include the names of all the defendants. See id.
- The second amended complaint must contain a "short and plain statement of [Baker's] claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that the second amended complaint must clearly identify alleged misconduct by each defendant which, treated as true, shows that each defendant is liable to Baker. The factual allegations do not need to be overly detailed, but they must adequately give each defendant notice of the claim against them and the grounds upon which it rests.
- The factual allegations and legal claims must be stated "in numbered paragraphs, each limited to a practicable single set of circumstances." Fed. R. Civ. P. 10(b).
- "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).
- Each factual paragraph should state precisely which person or people it is referring to.
- The pleading must identify the laws that Baker alleges were violated.
- Exhibits are included, but they are not required. They are not a substitute for factual allegations. The factual material in the body of the complaint must give each defendant adequate notice of the claim against them. If exhibits are included, they must be submitted in an organized fashion, and their relevance must be clear.

If Baker fails to file a second amended complaint within thirty (30) days of the date of this order, this Court may recommend to a District Judge that this action be dismissed without prejudice.

The motion for appointment of counsel is DENIED without prejudice to renewal once the second amended complaint has been filed and reviewed by the Court.

SO ORDERED.

/s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge